IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTINA E. SANDERS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION NO. 23-00205-KD-B |
| | * | |
| CHILD ADVOCACY CENTER, *et al.*, | * | |
| | * | |
| Defendants. | * | |

## ORDER

Plaintiff Christina E. Sanders filed a *pro se* complaint and a motion to proceed without prepayment of fees. (Docs. 1, 2). This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration, Sanders' motion to proceed without prepayment of fees (Doc. 2) is **GRANTED.**

Because Sanders is proceeding *in forma pauperis*, the court is authorized to conduct an initial screening review of her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). See Mehmood v. Guerra, 783 F. App'x 938, 940 (11th Cir. 2019) (per curiam), cert. denied, 138 S. Ct. 338 (2017). After screening the complaint, the undersigned finds that it fails to state a claim on which relief may be granted and is an impermissible shotgun pleading, and that this Court lacks jurisdiction to review Sanders' claims involving the custody of her minor child.

I.   <u>BACKGROUND</u>

Plaintiff Christina E. Sanders purports to bring this action on behalf of herself and her minor child, J.T.L.S.[1]  (<u>See</u> Doc. 1 at 1).  Sanders' complaint appears to name as Defendants the Child Advocacy Center of Mobile, Alabama; the Mobile County Department of Human Resources ("MCDHR"); Clarity Health LLC ("Clarity Health") of Mobile, Alabama; and certain individuals associated with those three entities.  (<u>See</u> <u>id.</u> at 2-3).  As best the Court can discern, Sanders claims that after J.T.L.S. was summarily removed from her home and placed in "state custody" in 2022, he was "immediately placed . . . in a home with foster parents" when "he should have been placed w[ith] a temporary person[.]"[2]  (<u>Id.</u> at 5-6).  Sanders further alleges that Dr. Jack Carney of Clarity Health caused her son "to unlawfully remain in foster care" because he conducted an "evaluation of [Sanders'] mental health" that "wasn't truthful."  (<u>Id.</u> at 6).  Sanders also alleges that two of her son's front teeth were damaged while he was in state custody, and the "state has not had them fixed."  (<u>Id.</u> at 8).  The complaint includes a number of attachments, including a June 2022 order of the Mobile County Juvenile Court awarding temporary custody of

---

[1] The complaint lists the Plaintiffs as "Christina E. Sanders and J.T.L.S."  (Doc. 1 at 1).

[2] Unless otherwise indicated by brackets, quoted language from Sanders' complaint is reproduced herein without modification or correction for typographical, grammar, or spelling errors.

J.T.L.S. to MCDHR and documents relating to subsequent proceedings before the Juvenile Court.  (See id. at 5; Docs. 1-1, 1-2).  For relief, Sanders requests the reinstatement of her parental rights, the "immediate return" of her child, and a "monetary reward in the amount of 4 billion dollars for unlawfully keeping [her] child in state custody."  (Doc. 1 at 6).

II.   **LEGAL STANDARDS**

   **A. Subject Matter Jurisdiction.**

In reviewing an action on its docket, a court's first consideration is to inquire into its subject matter jurisdiction. United States v. Denedo, 556 U.S. 904, 909 (2009).  Federal courts are courts of limited jurisdiction and are authorized by Constitution and statute to hear only certain types of actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and should do so "at the earliest possible stage in the proceedings."  Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction."  Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

**B. 28 U.S.C. § 1915(e)(2)(B).**

A court is authorized under 28 U.S.C. § 1915(e)(2)(B) to screen the complaint of a plaintiff proceeding *in forma pauperis* to determine whether it should be dismissed because it (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).

Under § 1915(e)(2)(B)(i), a complaint may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Dismissal is also warranted under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  This necessarily requires that a plaintiff include factual allegations for each essential element of her claim.  Randall v. Scott, 610 F.3d 701, 708 n.2 (11th Cir. 2010).  A complaint does not need detailed factual allegations, but it "requires more than

4

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

**C. Federal Rules of Civil Procedure 8 and 10.**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quotation omitted). Federal Rule of Civil Procedure 10(b) further provides that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." Id.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). In Weiland, the Eleventh Circuit Court of Appeals identified four general categories of shotgun pleadings. See id. at 1321-22. These include complaints that are

"replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. They also include pleadings that do "not separat[e] into a different count each cause of action or claim for relief," as well as complaints that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1323. "The unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

### D. *Pro Se* Litigation.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation omitted). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

### III. <u>DISCUSSION</u>

### A.  **Sanders May Not Represent J.T.L.S. In This Action.**

As an initial matter, the Court notes that Sanders, who is proceeding *pro se*, purports to bring this action on her own behalf and on behalf of her minor child.  (<u>See</u> Doc. 1 at 1).  Individual parties in federal court generally "may plead and conduct their own cases personally or by counsel."  28 U.S.C. § 1654.  "The right to appear *pro se*, however, is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others."  <u>FuQua v. Massey</u>, 615 F. App'x 611, 612 (11th Cir. 2015) (per curiam).  Consequently, although Federal Rule of Civil Procedure 17 authorizes a conservator or guardian to sue on behalf of a minor child, "a non-lawyer parent has no right to *represent* a child in an action in the child's name."  <u>Whitehurst v. Wal-Mart</u>, 306 F. App'x 446, 449 (11th Cir. 2008) (per curiam) (emphasis in original); <u>see Devine v. Indian River Cty. Sch. Bd.</u>, 121 F.3d 576, 582 (11th Cir. 1997) (holding "that parents who are not attorneys may not bring a *pro se* action on their child's behalf"), <u>overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.</u>, 550 U.S. 516, 535 (2007).  In the absence of anything before the Court indicating that Sanders is a licensed attorney, she cannot represent J.T.L.S. in this action.

**B.   The Domestic Relations Exception Precludes Jurisdiction Over Sanders' Claims Involving the Custody of Her Son.**

Moreover, to the extent Sanders seeks intervention by this Court with regard to the custody of her son and the State of Alabama's involvement in the same, the Court is precluded from exercising jurisdiction pursuant to what is known as the "domestic relations exception."  As the Supreme Court has emphasized, the "subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."  Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12 (2004) (quotation omitted), abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 127 (2014).  Therefore, "federal courts generally dismiss cases involving divorce and alimony, child custody, visitations rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification."  Ingram v. Hayes, 866 F.2d 368, 369 (11th Cir. 1988).  "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters."  Murphy v. Alabama, 2020 U.S. Dist. LEXIS 235913, at *9, 2020 WL 7395139, at *3 (S.D. Ala. Dec. 16, 2020) (quoting Thompson v. Thompson, 798 F.2d 1547, 1558 (9th Cir. 1986) (per curiam), aff'd, 484 U.S. 174 (1988)); see Guevara v. Padin, 2016 U.S. Dist. LEXIS 187941, at *8, 2016 WL 7188783, at *3

(S.D. Fla. Nov. 9, 2016) ("Many courts willingly apply the domestic relations exception to federal questions and constitutional issues involving intra-family disputes and decline jurisdiction over federal questions which would deeply involve them in adjudicating domestic affairs. . . . This Court will not enmesh itself in a dispute involving enforcement of a judgment for child support or allegedly miscalculated child support payments.  Accordingly, the Court shall abstain from exercising jurisdiction over the Plaintiff's federal law claims pursuant to the domestic relations exception.").

Based on Sanders' complaint, it appears that her claims concern the custody of her minor child and would require this Court to review or interfere with underlying state proceedings pertaining to the custody and care of the child – a matter traditionally within the domain of the state courts.  See, e.g., Barnes v. Dep't Child. Fams., 2019 U.S. Dist. LEXIS 40628, at *4, 2019 WL 8888211, at *2 (S.D. Fla. Mar. 12, 2019) (declining to exercise jurisdiction pursuant to the domestic relations exception where plaintiff sought to regain her parental rights over her minor children because ruling on plaintiff's claims would require the district court to adjudicate a dispute involving custody of the children); Bodda v. State of Idaho Child Protective Servs., 2016 U.S. Dist. LEXIS 86313, at *6, 2016 WL 3647841, at *2 (D. Idaho July 1, 2016) (holding that the court lacked subject matter

jurisdiction over claims involving parental rights where plaintiff had alleged the wrongful deprivation of custody of her child). This Court is precluded from exercising jurisdiction in such a case pursuant to the domestic relations exception.

**C.   The Complaint Fails to State a Claim Upon Which Relief May Be Granted.**

Additionally, Sanders' complaint fails to clearly identify what claim(s) for relief she is raising in this action and fails to state a claim on which relief may be granted. Although the complaint does not delineate the specific legal claims Sanders is bringing in this case, the complaint's jurisdictional allegations may provide some guidance. Sanders alleges that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. 1 at 4). In support of that allegation, Sanders states: "There is quite a few statues I believe have been violated. 1) 521 U.S. 702 (1997) 2) Section 504 of Rehabilitation Act of 1973 and Title II of Americans W/ disability Act of 1990 . . . 3) Violation of Admin Code r. 660.5-28-.06 4) Violation of Permancy Plan being Changed Ala. Code §§ 12-15-312; 12-15-315 Admin Code r. 660-5-28-.06." (Id. at 4, 8).

"The statutory grant of federal question jurisdiction provides the federal district courts with jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" Resnick v. KrunchCash, LLC, 34 F.4th 1028,

10

1034 (11th Cir. 2022) (quoting 28 U.S.C. § 1331). "The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint." Cmty. State Bank v. Strong, 651 F.3d 1241, 1251 (11th Cir. 2011). In determining whether subject matter jurisdiction is present, courts must "respect the important distinction between the lack of subject matter jurisdiction and the failure to state a claim upon which relief can be granted." Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1351–52 (11th Cir. 1998). A federal district court "may dismiss a federal question claim for lack of subject matter jurisdiction only if: (1) 'the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction'; or (2) 'such a claim is wholly insubstantial and frivolous.'" Id. at 1352 (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)). "[T]he category of claims that are 'wholly insubstantial and frivolous' is exceedingly narrow." Resnick, 34 F.4th at 1034. "To strip a district court of subject matter jurisdiction, a plaintiff's federal claim must have no plausible foundation, or the court must conclude that a prior Supreme Court decision clearly forecloses the claim." Id. at 1035 (quotations and alterations omitted).

Here, Sanders' allegations that Alabama statutory law or administrative rules were violated do not support federal question jurisdiction under the well-pleaded complaint rule.[3] See Connecticut State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009). Likewise, the Supreme Court's decision in Washington v. Glucksberg, 521 U.S. 702 (1997), which involved the question of whether a state's assisted-suicide ban violated the Fourteenth Amendment's Due Process Clause, has no apparent relevance to Sanders' factual allegations and provides no plausible support for a federal claim in this case. More generally, Sanders' allegations do not convey a plausible claim because she provides no facts connecting the acts or omissions of any particular Defendant to her unexplained conclusions that certain "statues" were violated.

The only possible basis for federal question jurisdiction that appears on the face of the complaint is Sanders' allegation that "Section 504 of Rehabilitation Act of 1973 and Title II of Americans W/ disability Act of 1990" were violated.

> Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to

---

[3] The Court notes that in the absence of any viable federal claim, claims based on state law are subject to dismissal. See Reddy v. Gilbert Med. Transcription Serv., Inc., 588 F. App'x 902, 904 (11th Cir. 2014) (per curiam) ("Absent a viable federal claim . . ., the district court should dismiss any state law claims.").

discrimination by any such entity."  42 U.S.C. § 12132.
Similarly, § 504 of the Rehabilitation Act provides that
"[n]o otherwise qualified individual with a disability
... shall, solely by reason of her or his disability, be
excluded from the participation in, be denied the
benefits of, or be subjected to discrimination under any
program or activity receiving Federal financial
assistance."  29 U.S.C. § 794(a).

To state a claim under either statute, a plaintiff must
allege: "(1) that [she] is a qualified individual with
a disability; (2) that [she] was either excluded from
participation in or denied the benefits of a public
entity's services, programs, or activities, or was
otherwise discriminated against by the public entity;
and (3) that the exclusion, denial of benefit, or
discrimination was by reason of the plaintiff's
disability." Bircoll v. Miami-Dade County, 480 F.3d
1072, 1083 (11th Cir. 2007); see also Henderson v.
Thomas, 913 F. Supp. 2d 1267, 1287 (M.D. Ala. 2012)
("Claims under both [the ADA and Rehabilitation Act] are
governed by the same standards.") (citations omitted).

Chase v. Ahuja, 2022 U.S. Dist. LEXIS 227475, at *7-8, 2022 WL

18396431, at *3 (N.D. Fla. Oct. 26, 2022), report and

recommendation adopted, 2022 U.S. Dist. LEXIS 226491, 2022 WL

17730878 (N.D. Fla. Dec. 16, 2022).

    Sanders does not allege that she is a qualified individual

with a disability or that she suffered any discrimination because

of a disability.  Indeed, other than her unexplained references to

the ADA and the Rehabilitation Act, Sanders' complaint does not

mention a disability at all, and it is completely devoid of facts

suggesting that she suffered discrimination based on a disability.

Given the utter lack of relevant information, the complaint as

currently drafted does not clearly convey a disability

discrimination claim, much less state a plausible claim under the
ADA or Rehabilitation Act.

    **D.    The Complaint is a Shotgun Pleading.**

    Sanders' complaint is an impermissible shotgun pleading
because it fails to provide adequate notice of her claims and the
grounds upon which each claim rests. As noted, the complaint fails
to clearly identify any specific legal claims and fails to allege
facts supporting the liability of any Defendant on any particular
claim. Sanders does not connect her factual allegations to any
particular legal claim or to any of the statutes, rules, or cases
cited in her complaint. She also fails to specify which of the
alleged acts or omissions each Defendant is responsible for, and
to the extent she is asserting more than one cause of action or
claim for relief, she fails to identify which claims are directed
at which Defendants. Indeed, even the basic identity of the
Defendants in this case is uncertain since the complaint appears
to treat both entities and individuals associated with those
entities as a single Defendant.[4]

---

[4] For example, "Defendant No. 1" is listed in the complaint as:

    Child Advocacy Center
    Makayla Dennis / Detective Long

(Doc. 1 at 3).

**E.    Leave to Amend.**

Although Sanders' complaint is woefully deficient as drafted, dismissal at this juncture is premature.  Generally, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Woldeab v. Dekalb Cty. Bd. of Educ., 885 F.3d 1289, 1291 (11th Cir. 2018) (quotation omitted).  Implicit in any repleading order is the "notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike h[er] pleading, or depending on the circumstances, dismiss h[er] case and consider the imposition of monetary sanctions." Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358 (11th Cir. 2018).  Accordingly, the Court will give Sanders the opportunity to amend her complaint in order to address and correct the deficiencies described in this order, to the extent she is able to do so.

**IV.   CONCLUSION**

For the reasons set forth above, Sanders' motion to proceed without prepayment of fees (Doc. 2) is **GRANTED**.  Sanders is **ORDERED** to file, on or before **July 7, 2023**, an amended complaint that states a valid basis for this Court's subject matter jurisdiction, states a claim on which relief may be granted, and addresses and corrects the pleading deficiencies noted in this order.   In

drafting her amended complaint, Sanders must plead her claims with sufficient specificity to conform to Rules 8 and 10 of the Federal Rules of Civil Procedure.   This includes: (a) identifying her pleading as a first amended complaint; (b) clearly and separately identifying each defendant; (c) making clear which claims for relief or causes of action she is asserting against each defendant; (d) providing the specific factual grounds upon which each of her claims for relief are based; (e) specifying the conduct that each defendant engaged in with respect to each claim for relief asserted against that defendant; and (f) stating the relief she seeks. Also, as a non-attorney, Sanders may not represent her minor child in this action; therefore, if Sanders intends to continue proceeding *pro se*, she may not raise claims on behalf of J.T.L.S. in the amended complaint.

Sanders' amended complaint will replace her original complaint.   Therefore, the amended complaint shall not reference or seek to incorporate any portion of the original complaint.   See Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (stating that the original complaint is considered abandoned and is no longer a part of the pleader's allegations against her adversary when an amended complaint is filed).

Sanders is hereby **cautioned** that if she fails to file an amended complaint within the ordered time, or if she files an amended complaint that fails to address and correct the

16

deficiencies in her original complaint that are described in this order, the undersigned will recommend that this action be dismissed.

The Clerk is **DIRECTED** to send to Sanders a copy of this Court's Pro Se Litigant Handbook.  Sanders is encouraged to review the handbook carefully and utilize it in drafting her amended complaint, so as to avoid repetition of the pleading deficiencies identified herein.

The Clerk is **DIRECTED** to withhold service of Sanders' complaint pending the filing, and this Court's review, of an amended complaint.

**DONE** this **9th** day of **June, 2023.**

/S/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**

17